UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                :
In re:                                          :    Chapter 11
                                                :
GENCO SHIPPING & TRADING LIMITED, et al.,       :    Lead Case No. 14-11108 (SHL)
                                                :
                    Debtors.                    :    Jointly Administered
                                                :    Related Docket No. 114
------------------------------------------------------------------X

# ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BLACKSTONE ADVISORY PARTNERS L.P. AS FINANCIAL ADVISOR TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE

Upon the application (the "**Application**")[1] of Genco Shipping & Trading Limited ("**Genco**") and certain of its direct and indirect subsidiaries, as chapter 11 debtors and debtors in possession (each a "**Debtor**" and collectively the "**Debtors**" or the "**Company**") in the above-referenced chapter 11 cases for entry of an order pursuant to sections 327(a) and 328 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules and Rules 2014-1 and 2016-1 of the Local Rules, authorizing the Company to retain and employ Blackstone Advisory Partners L.P. ("**Blackstone**") as their financial advisor in accordance with the terms and conditions set forth in the Engagement Letter, *nunc pro tunc* to the Petition Date, as described in the Application and the O'Connell Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set for such terms in the Application or the Prepack Plan, as applicable.

under the particular circumstances has been given; and a hearing having been held to consider the relief requested in the Application (the "**Hearing**"); and upon consideration of the Application, the O'Connell Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Company's estates, their creditors and other parties-in-interest, and that the legal and factual bases set forth in the Application and the O'Connell Declaration establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and the Court being satisfied based on the representations made in the Application and the O'Connell Declaration, and the Court hereby finds that (a) Blackstone does not hold or represent an interest adverse to the Company's estates and (b) Blackstone is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is hereby granted as set forth herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Company is authorized to employ and retain Blackstone in accordance with the terms and conditions set forth in the Engagement Letter, to pay fees and reimburse expenses, and to provide indemnification, contribution and/or reimbursement to Blackstone on the terms and at the times specified in the Engagement Letter, *nunc pro tunc* to the Petition Date.

3. The provisions set forth in the Engagement Letter (and all attachments thereto) are hereby approved, except as otherwise expressly provided herein to the contrary.

4.	Blackstone will file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; *provided, however*, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-1 and General Order M-447 are hereby modified such that Blackstone's professionals shall be required only to keep summary time records in half-hour increments, Blackstone's professionals shall not be required to keep time records on a project category basis and Blackstone shall not be required to provide or conform to any schedules of hourly rates.

5.	Blackstone shall be compensated in accordance with the terms of the Engagement Letter and, in particular, all of Blackstone's fees and expenses in these Chapter 11 Cases, including the Monthly Fee, the Capital Raising Fee and the Restructuring Fee, are hereby approved pursuant to section 328(a) of the Bankruptcy Code.  Notwithstanding anything to the contrary herein, the fees and expenses payable to Blackstone pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee.  This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Blackstone's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code, and the U.S. Trustee retains all rights to object to Blackstone's interim and final fee applications (including the Monthly Fee, the Capital Raising Fee, the Restructuring Fee and expense reimbursement) on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of

3

the Bankruptcy Code. If the U. S. Trustee raises an objection to Blackstone's interim or final fee applications based on the standard provided for in section 330 of the Bankruptcy Code, then the Court retains the right to review such interim or final applications pursuant to section 330 of the Bankruptcy Code, but only as to any such objection raised by the U. S. Trustee. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Blackstone's compensation.

6.  Pursuant to the terms of the Engagement Letter, Blackstone is entitled to reimbursement by the Company for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of Blackstone's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and the Fee Guidelines promulgated by the Office of the United States Trustee, provided, that Blackstone shall not seek reimbursement for any services provided by Blackstone's counsel to the Company and, provided further, that Blackstone may only seek reimbursement for services in connection with retention and fee application preparation, except as otherwise provided herein with respect to claims for indemnification and, provided further, that Blackstone shall submit the invoices of Blackstone's counsel together with any application seeking allowance of reimbursement for the fees, disbursements and other charges of its counsel.

7.   In the event that the Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, then Blackstone shall be entitled to be paid any fee to the extent such fee is earned by Blackstone in accordance with the terms of the Engagement Letter.

8.   Notwithstanding anything to the contrary in the Engagement Letter, indemnification, contribution and reimbursement provisions are hereby modified and restated in their entirety as follows::

   a.   All requests of Blackstone for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Blackstone be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

   b.   In the event that Blackstone seeks reimbursement from the Company for reasonable attorneys' fees in connection with a request by Blackstone for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Blackstone's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

   c.   Blackstone shall not be entitled to reimbursement by the Company for any fees, disbursements and other charges of Blackstone's counsel other than those incurred in connection with a request of Blackstone for payment of indemnity and as otherwise provided in this Order.

   d.   In no event shall Blackstone be indemnified if the Company or representatives of the estates assert a claim

5

for, and a court determines by final order that such claim arose out of, Blackstone's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

9. Notwithstanding anything in the Application or the Engagement letter to the contrary, Blackstone shall (i) to the extent that Blackstone uses the services of independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in the Chapter 11 Cases, Blackstone shall pass-through the cost of such Contractors to the Company at the same rate that Blackstone pays the Contractors; (ii) seek reimbursement for actual costs only; and (iii) ensure that the Contractors are subject to the same conflict checks as required for Blackstone and (iv) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

10. The Company and Blackstone are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: New York, New York
      May 16, 2014

                            */s/ Sean H. Lane*
                            THE HONORABLE SEAN H. LANE
                            UNITED STATES BANKRUPTCY JUDGE