# MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP

**1 CHASE MANHATTAN PLAZA**

**NEW YORK, NY 10005**

212-530-5000

FAX: 212-530-5219

| | | |
|---|---|---|
| **LOS ANGELES** | | **BEIJING** |
| 213-892-4000 | | 8610-5969-2700 |
| FAX: 213-629-5063 | | FAX: 8610-5969-2707 |
| | | |
| **WASHINGTON, D.C.** | | **HONG KONG** |
| 202-835-7500 | | 852-2971-4888 |
| FAX: 202-835-7586 | | FAX: 852-2840-0792 |
| | | |
| **LONDON** | | **SINGAPORE** |
| 44-20-7615-3000 | | 65-6428-2400 |
| FAX: 44-20-7615-3100 | | FAX: 65-6428-2500 |
| | | |
| **FRANKFURT** | | **TOKYO** |
| 49-(0)69-71914-3400 | | 813-5410-2801 |
| FAX: 49-(0)69-71914-3500 | | FAX: 813-5410-2891 |
| | | |
| **MUNICH** | | **SÃO PAULO** |
| 49-89-25559-3600 | | 55-11-3927-7700 |
| FAX: 49-89-25559-3700 | | FAX: 55-11-3927-7777 |

June 3, 2014

**VIA EMAIL & ECF**

The Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

> Re:    *In re Genco Shipping & Trading Limited, et al. No. 14-11108-shl*

Dear Judge Lane:

We write on behalf of Wilmington Trust, National Association ("Wilmington Trust")—agent under the July 20, 2007 Credit Agreement (the "Facility") of Genco Shipping & Trading Limited (together with certain of its direct and indirect subsidiaries, the "Debtors")—in response to Your Honor's June 2, 2014 request for case law addressing the relevance of internal lender valuations in the context of plan confirmation.

The Official Equity Committee (the "Equity Committee") asserts that it is entitled to depose numerous lenders under the Facility ("Lenders"), and submit such testimony to the Court in connection with confirmation, regarding their subjective views of the value of the Debtors. This position is undermined by relevant precedent. The Debtors and the Equity Committee have each retained experts to put forth their respective opinions on the value of the Debtors. The Equity Committee now seeks to depose the Lenders and certain holders of the Debtors' notes—none of whom are or purport to be valuation experts—regarding their views of the Debtors' value. Testimony by lay witnesses is limited to opinions "rationally based on the perception of the witness" that are "not based on scientific, technical, or other specialized

The Honorable Sean H. Lane
June 3, 2014
Page 2

knowledge." Fed. R. Evid. 701(a), (c).  Courts in the Southern District have cautioned against the "simple expedient of proffering an expert in lay witness clothing."  In re MarketXT Holdings Corp., No. 04-12078 (ALG), 2011 WL 1422012, at *2, *6 (Bankr. S.D.N.Y. Jan 7, 2011). "Given the inherently subjective and fact-intensive nature of valuation and projection of profits, . . . testimony from non-experts" regarding these issues "must be excluded as improper lay opinion."  Id. at *6 (emphasizing that the claimants there, as here, would "have an opportunity to proffer expert testimony on the subject of . . . business valuation").  In addition, the Lenders do not have "direct personal experience" with the Debtors' business—the only circumstance under which such lay opinions about valuation might be admissible.  See id. ("[L]ay opinion testimony is admissible only when based on the witness' direct personal experience").  Nor would it be productive to depose multiple Lenders to inquire about whether their subjective views of value are based on their direct personal experience with the Debtors.  "[A] lay witness who was never employed by or directly involved in a business is unlikely to have the type of first-hand knowledge necessary to provide reliable forecasts of future lost profits."  DIJO, Inc. v. Hilton Hotels Corp., 351 F.3d 679, 686 (5th Cir. 2003) (holding that trial court abused its discretion in admitting damages testimony of a lay witness).  Courts have repeatedly held that "testimony on lost profits and/or the value of a business—areas where an outsider's personal perception would often be modest at best . . . traditionally would involve testimony of bona fide experts . . . ."  Fox v. Koplik (In re Perry H. Koplik & Sons, Inc.), 382 B.R. 599, 602–03 (Bankr. S.D.N.Y. 2008) (citing, inter alia, DIJO, Inc.).

        Like any other institutional investor, prior to investing in the Facility and continuing while they held their investment, the Lenders generated an internal view of the Debtors' potential future value as a guide in determining whether they should purchase and maintain an interest in the Facility.  Again, such lay opinions not based on personal knowledge are inadmissible.  Fox, 382 B.R. at 602–03.  Indeed, a Lenders' determination that investment in the Facility was appropriate is no more relevant or admissible than the determination made by any market participant that sold their holdings in the Facility, or who determined to take a short position, or who considered making an investment and determined to pass after forming a negative outlook regarding rates of return on such an investment.  The Equity Committee seeks to focus on one side of this market that would tend to support its position on valuation, while completely ignoring the other half of the market that took an opposite view.  Valuations undertaken by the Lenders and the myriad other parties who traded in the Facility are simply not relevant, and depositions of the Lenders here would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

The Honorable Sean H. Lane
June 3, 2014
Page 3

We respectfully request that the Court order that the Equity Committee is not entitled to depositions of the Lenders.

Very truly yours,

/s/ Dennis F. Dunne
Dennis F. Dunne